Plaintiff, a well-known and highly respected colored citizen of Monroe, Louisiana, brings this suit against said City as operator of municipal motor bus lines, claiming damages for injuries received through the alleged negligence of one of the bus operators.
The record is short, the issue is clear-cut, and the determination of the matter rests solely upon a question of fact. There is a conflict in the testimony of the witnesses on behalf of plaintiff and defendant respectively, but not of such grave import as to cause us much concern.
The learned Judge of the district court apparently had little difficulty in arriving at judgment rejecting plaintiff's demands, from which judgment plaintiff prosecutes this appeal.
[1] There is no question of law involved herein. It must be conceded that plaintiff, as a passenger upon the public carrier vehicle, was entitled to the highest degree of care thereof, but we do not find in any particular wherein there was any failure of the operator of the vehicle to accord such requisite degree of care.
[2] According to the contentions of plaintiff, as she was in the act of leaving the vehicle, by the side door provided for the exit of passengers, at her destination on or about the 1st day of August, 1944, the driver of the bus inadvertently and carelessly closed the door, and, upon discovering, from the cries of fellow passengers, that plaintiff was caught in said door, reopened the same immediately, thus precipitating plaintiff to the pavement, and causing the injuries complained of, and for which redress is sought.
The defense, in brief, is that plaintiff, an aged and infirm negress, somewhere above the age of 80 years, and frail and fragile in health and physique, in attempting to alight from the bus made a misstep and, through her own fault, fell to the pavement.
To a degree and in a sense both of these conflicting versions are borne out by the testimony of the witnesses on trial of the cause, but to us the conclusion is inescapable that plaintiff has failed to establish her claims even by preponderance of the evidence.
There are a number of inconsistencies in the stories advanced by plaintiff and her witnesses, which we do not deem of sufficient importance to here detail. We find, as a fact, that the side door through which plaintiff made her exit was not closed, nor was there any forward motion of the bus, but that the motorman, or bus driver, observing plaintiff's mishap, immediately opened the front door and rushed to her aid. An immediate report of the accident was made to the proper authorities of the transportation company and a careful investigation resulted. Although there has never been even the slightest attempt, directly or by inference, nor do we here, impugn the good faith of plaintiff, we feel that the inconsistencies in her own testimony are attributable to her advanced age and to the fact that some two years intervened between the actual occurrence of the accident and the trial of this case. Every evidence of good faith and a charitable inclination has been displayed by the defendant, which has assumed and paid, without liability, at least part of plaintiff's medical and hospital bills, but which, understandably, stoutly denies any liability whatsoever.
The facts are with defendant. We find no error manifest or otherwise on the part of our learned brother of the district court, and, accordingly, the judgment appealed from is affirmed at plaintiff's cost. *Page 923